■ In the Matter of Dee B. Thibault, Petitioner, v State Tax Commission, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for a refund of an alleged overpayment of personal income taxes and confirmed a deficiency assessment. By this proceeding petitioner contests the determination of the tax commission that she was domiciled in New York during the 1968 tax year. She contends that in June of that year she effected a change in that domicile from this jurisdiction to the State of Florida and, accordingly, is entitled to a refund of a portion of the 1968 personal income taxes which she paid to New York. Married and not formally separated from her husband, it is undisputed that petitioner was a New York domiciliary prior to 1968, maintaining an abode in East Hampton and an apartment in New York City. She purchased a co-operative apartment in Palm Beach, Florida, in 1966 and there claims to have assumed domicile by June 15, 1968. It does not appear, however, that the sum of her contacts in Florida varied significantly in 1968 from what they had been in prior years. Nor does it seem that her acts in New York that year, other than listing the East Hampton property for sale, demonstrated an intent to abandon her domicile here. It was not adequately shown that she occupied her Florida residence for any greater period of time that year, or that her Florida automobile license and registration, bank account, safety deposit box and other related matters represented something recently

acquired as opposed to continuously maintained. On the other hand, she concededly resided at the East Hampton property from June until November of 1968, voted in this State that year, and retained certain banking arrangements here. The East Hampton residence was finally sold in 1969, and petitioner's declaration of domicile was not filed in Florida until January of that year. In short, leaving aside the question of whether she could establish a domicile separate and apart from that of her husband, it appears that petitioner's general habit of life did not sufficiently alter in 1968 (cf. *Matter of Trowbridge*, 266 NY 283, 289; *Matter of Andrews v Graves*, 263 App Div 188), or so the tax commission could find upon the evidence presented to it, to support her claim. On this state of the record we simply cannot say that the tax commission acted arbitrarily or upon less than substantial evidence in determining that petitioner had failed in meeting her burden of proving a change in domicile during the tax year in question. Consequently, its determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Kane, Koreman, Main and Reynolds, JJ., concur.