■ In the Matter of Doris Kaskel, Petitioner, v New York State Tax Commission, Respondent. — Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a gift tax imposed under Tax Law article 26-A.

Petitioner made certain gifts during the quarter ending September 1976 but did not file a gift tax return. She made gifts for the following quarter and filed a New York State resident return, but indicated her address as Miami Beach, Florida. The Department of Taxation and Finance served notices of deficiency for the final two quarters of 1976, computed upon its determination that petitioner was a New York State domiciliary during the entire period of time. Petitioner, claiming that she was domiciled in Florida throughout the year 1976, appealed to respondent, which confirmed the finding of the department. This CPLR article 78 proceeding ensued. The sole issue is the domicile of petitioner during the last six months of 1976.

Petitioner is an elderly lady whose husband died in 1968. The husband, a very successful contractor, operated his business from headquarters in New York City but undertook building projects in other States including Florida. Originally, the couple maintained their primary residence in Brooklyn and then on Park Avenue in New York City. They also owed a home in Connecticut, which they used primarily during the summer months. When the husband was engaged in building activities in Florida, he had the use of an apartment. The last apartment was separate and apart from the premises of his business activities and, after his death and the conversion of the apartment to a condominium, petitioner purchased it. During the three years immediately preceding his death, petitioner's husband was in ill health and spent most of his time in Florida. However, during that time he continued to operate his business headquarters in New York City and carried on his business primarily by telephone or by requiring others to travel to Florida for business conferences. Shortly before his death, petitioner's husband consulted a New York City attorney who drafted his will, naming the Chase Manhattan Bank as a coexecutor and stating that, at the time of execution, he was a domiciliary of New York City.

At the hearing, petitioner's attorney took the position that petitioner's case would rise or fall upon the determination of her husband's domicile at the time of his death. If respondent's determination of petitioner's status was based upon petitioner's failure to prove the husband's Florida domicile, it would have been supported by substantial evidence in the record. An individual's original or selected domicile continues until there is a clear manifestation of an intent to acquire a new one (*Matter of Bodfish v Gallman,* 50 AD2d 457). Petitioner has the burden of demonstrating a change in domicile (*Matter of Thibault v State Tax Commn.,* 50 AD2d 1045, 1046).

We conclude that the continuation of ownership and maintenance of the Park Avenue apartment and the continuation of the corporate headquarters in New York City were clear indicia of a continued intent to remain domiciled in the State of New York. In addition there was no evidence that the husband's stay in Florida for three years, except for brief business visits to New York, was the result of a deliberate choice of a new domicile. Petitioner spent a good share of her time in Florida for 18 months following her husband's death. She had also spent the three years in Florida with her husband prior to his death. Although the record is not clear, it does indicate that early in the 1970's petitioner only went to Florida for a few days at a time to "unwind". It is quite clear, however, that by the beginning of 1975, she was spending practically all of her time in New

York City and was beginning to see her doctors frequently. At the time of the hearing, she was severely incapacitated and unable to use public transportation. She now spends all of her time in New York City. The Florida condominium is used primarily by her children and grandchildren for vacations. Petitioner spends her time in the same Park Avenue apartment in which she resided with her husband during his lifetime. Most of petitioner's substantial bank account balances are in New York City, which she used as collateral for loans made to the family business, and she has no bank accounts in Florida. In New York City, she has the benefit of the compassionate support and advice of her son and two daughters.

The only positive indications of petitioner's intent to become domiciled in the State of Florida were documentary statements made after this controversy arose. We therefore conclude that there was a rational basis for respondent's decision, which is supported by substantial evidence in the record.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.