■ In the Matter of ELI KORNBLUM et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [599 NYS2d 158] —Mahoney, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

At issue here is whether substantial evidence supports the determination of respondent Tax Appeals Tribunal that petitioners, longstanding New York domiciliaries, continued their status as domiciliaries for the years 1983 through 1985 notwithstanding the 1983 purchase of a Florida condominium and, as such, were required to pay New York State and New York City income taxes for those years. We conclude that the determination is supported by the requisite evidentiary basis and accordingly confirm.

It is well established that an individual's original or selected domicile continues until there is a clear manifestation of an intent to acquire a new one *(see, e.g., Matter of Kaskel v New York State Tax Commn.,* 111 AD2d 431, 432). To establish a change, the proponent bears the burden of proving, by clear and convincing evidence, that he or she obtained a new residence, actually resided there and intended to make the new location a fixed and permanent home *(see, e.g., Matter of McKone v State Tax Commn.,* 111 AD2d 1051, 1053-1054, *affd* 68 NY2d 638; *Matter of Bodfish v Gallman,* 50 AD2d 457, 458). While any evidence reflective of intent is admissible,

because the interests of others often are involved, a party's statements of intent are accorded little or no weight and the emphasis is placed rather upon his or her conduct and other informal factors *(see, Matter of McKone v State Tax Commn., supra).*

Here, the evidence established that the Florida condominium was purchased in the same year petitioner Eli Kornblum (hereinafter Kornblum) retired. Shortly after purchase, Kornblum obtained a Florida driver's license, obtained a local library card and became active in the condominium association. In addition, petitioners both voted in Florida in 1984 and 1985. However, it is also uncontroverted that petitioners were not full-time Florida residents from 1983 to 1985. They maintained their New York home, moved no household furnishings from it to Florida, continued electric, telephone and other services to it, and traveled between the two locations throughout the year. They continued to maintain their safe deposit box in a New York bank, held two New York bank accounts and left their investments for management by the New York office of a national investment service. In addition, petitioner Beatrice Kornblum continued to treat with a New York physician.

Based upon the foregoing evidence and review of a long line of well-established precedent involving similar situations, we conclude that the above-noted New York contacts, particularly the fact that the New York house was maintained, the furniture remained, telephone and utility service were continued as were certain banking habits, provides a sufficient evidentiary basis to support respondents' position *(see, Matter of Clute v Chu,* 106 AD2d 841; *Matter of Smith v State Tax Commn.,* 68 AD2d 993; *Matter of Thibault v State Tax Commn.,* 50 AD2d 1045; *cf., Matter of Kaskel v New York State Tax Commn.,* 111 AD2d 431, *supra).* Admittedly, petitioners have established strong ties to Florida, albeit partially through "formal declarations" of domicile such as voter registration or vehicle registration. However, because we are not at liberty to substitute our judgment for a reasonable determination by the agency which is supported by substantial evidence simply because it is possible reasonably to reach a different conclusion based upon the evidence presented, even if it could be said that, after taking into account the decreased weight traditionally accorded formal declarations *(see, e.g., Sears v New York State Div. of Human Rights,* 73 AD2d 913, 914, *lv denied* 49 NY2d 705), petitioners' evidence reasonably supports a finding of changed domicile, such, standing alone, still

is not a basis for our intervention *(see, Matter of Clute v Chu, supra; see also, Matter of Mercer v State Tax Commn.,* 92 AD2d 636).

Petitioners' alternative argument, that the Tax Appeals Tribunal also erred in finding them nonresident domiciliaries within the meaning of Tax Law § 605 (b) (1) (B) for the years in question, has been rendered academic by our decision upholding the determination that they were in fact domiciliaries.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.