■ In the Matter of CLAY E. BUZZARD et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [613 NYS2d 294] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

Our task in this proceeding is to determine if respondent Tax Appeals Tribunal's determination that petitioners were domiciliaries of New York instead of Florida for the years 1985 through 1988 and were therefore required to pay New York State income tax is supported by substantial evidence. The resolution of this issue depends upon whether petitioners proved by clear and convincing evidence that they intended to make their Florida residence a fixed and permanent home *(see, Matter of Kornblum v Tax Appeals Tribunal,* 194 AD2d 882).

Petitioners contend that their intent to establish domicile in Florida is manifested by the fact that in 1981 they sold their only New York residence and moved to Florida. As further evidence of their intent, they point to the fact that in 1982

they obtained Florida driver's licenses and have voted in Florida since 1982. In addition, they applied for and were granted a homestead exemption for purposes of the Florida real property tax and have filed Florida intangible tax returns each year since establishing residence in Florida. When they sold their original Florida residence, petitioners elected, pursuant to Internal Revenue Code § 1304, to "rollover" the gain realized on the sale, thereby confirming the fact that they considered their Florida home to be their principal residence. As further evidence of their intent, petitioner Clay E. Buzzard (hereinafter Buzzard) refers to his last will and testament executed in 1982 wherein he states that he resides in the "County of Palm Beach and State of Florida". Petitioners' passports also state that their residence is in Florida.

While petitioners have established contacts with Florida, their contacts with New York were still substantial. The record shows that petitioners moved to the Buffalo, New York, area in 1963 so that Buzzard could operate his business, Middle Atlantic Warehouse Distributor, Inc. (hereinafter MAWDI). Following his move to Florida in 1981, Buzzard remained involved at first with the day-to-day operation of MAWDI and then, since June 1983, as Chair of the Board of Directors and as a paid consultant. Moreover, when he was in the Buffalo area following his move to Florida, Buzzard visited MAWDI offices three to four mornings a week.

During the summers of 1982 and 1983 petitioners rented residences in New York, where they spent the summer months. Subsequently, in 1983, they purchased a lot and constructed a home in a Buffalo suburb at a cost of $301,900. In addition, they continued to maintain their memberships in two Buffalo area country clubs, continued to maintain charge accounts in Buffalo stores and had their primary bank accounts in Buffalo banks. They also continued to engage the services of Buffalo attorneys and accountants. Further, their primary physician is located in Buffalo. Most significantly, in the years in question petitioners spent more time in New York than in Florida.

Although petitioners have established strong contacts with Florida, we are not at liberty to substitute our judgment for a reasonable determination by the Tribunal which is supported by substantial evidence merely because it is possible to reasonably reach a different conclusion (see, Matter of Clute v Chu, 106 AD2d 841, 843). Therefore, we shall confirm the Tribunal's determination because, in view of the above-noted New York contacts, it is a reasonable determination supported by

substantial evidence *(see, Matter of Kartiganer v Koenig,* 194 AD2d 879; *Matter of Kornblum v Tax Appeals Tribunal, supra).*

Mercure, J. P., Casey, Weiss and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.