■ In the Matter of RALPH KERN et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [659 NYS2d 140] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a deficiency of personal income tax imposed under Tax Law article 22.

At all times relevant to this proceeding, petitioners Ralph Kern (hereinafter Kern) and Leona Kern were domiciled in the Town of Scarsdale, Westchester County, and maintained an apartment in New York City. For tax year 1987, petitioners filed a nonresident New York City personal income tax return indicating that they did not have a permanent place of abode in New York City. Following an audit, Kern was found to be a statutory resident of New York City for 1987 and a notice of deficiency was issued. An administrative hearing ensued and, ultimately, the Administrative Law Judge (hereinafter ALJ) sustained the notice of deficiency, finding that Kern was present in New York City for 190 days in 1987 and, hence, quali-

fied as a statutory resident.[1] Respondent Tax Appeals Tribunal subsequently affirmed the ALJ's decision, finding that while Kern and those testifying on his behalf were credible, their testimony was lacking in specificity and was insufficient to sustain petitioners' burden of proof in this regard. This CPLR article 78 proceeding, which seeks to annul the Tribunal's determination sustaining the personal income tax deficiency imposed, ensued.

A review of the record discloses that although there are 61 days in dispute, petitioners offer a direct challenge as to only 10 of those 61 days. As a starting point, petitioners contend that a diary entry indicating a doctor's appointment in the City of Mount Vernon, Westchester County, on March 17, 1987, together with the fact that it was St. Patrick's Day, should be sufficient to establish that Kern was not present in New York City on that date.[2] Similarly, petitioners assert that because Kern was directed by his physician to remain in bed following his hospitalization (ending on May 30, 1987) for an irregular heartbeat, Kern should be presumed to have been resting at his home in Scarsdale on June 1, 1987, June 3, 1987 and June 4, 1987, as well as on September 21, 1987, the day following his release from the National Institutes of Health. Petitioners further argue that a diary reference to "Palpitations Home" for April 8, 1987, which apparently was the day before the scheduled move of Kern's office, should be sufficient to establish that petitioner did not travel to New York City on that date. Additionally, petitioners urge that because Kern's office was closed on April 17, 1987, which was Good Friday, and because October 2, 1987 was the day following Yom Kippur, a holiday apparently celebrated by petitioners, it would be reasonable to infer that Kern was at home in Scarsdale on those dates. Finally, petitioners contend that the undocumented dates of January 12, 1987 and December 23, 1987 should be considered non-New York City days due to Kern's activities on the days immediately preceding and following those dates. As to the balance of the 61 days in issue, petitioners simply assert that Kern's well-documented heart condition, together with the absence of any need for him to be in New York City on a

1. A person is deemed to be a statutory resident of New York City if he or she, although domiciled outside New York City, maintains a permanent place of abode within New York City and spends, in the aggregate, more than 183 days there per year (see, Administrative Code of City of NY § 11-1705 [b] [1] [B]).

2. Petitioners' theory in this regard was that Kern would have avoided New York City on this date due to the traffic generated by the annual parade. ·

regular basis, should be sufficient to show that he was not present in New York City on the dates in question.

Based upon our review of the foregoing, we cannot say that the ALJ and the Tribunal erred in concluding that petitioners failed to meet their burden of establishing that Kern was not present in New York City on the dates in question (*cf.*, *Matter of Kornblum v Tax Appeals Tribunal*, 194 AD2d 882). Although petitioners contend that the ALJ and the Tribunal erred in employing the "clear and convincing evidence" standard of proof, the inferences that petitioners would have us draw from the limited testimony and documentation submitted with respect to the disputed dates simply are not that compelling and, in our view, would not be sufficient to enable petitioners to prevail regardless of the evidentiary standard employed. Petitioners' remaining contentions, including their assertion that the dates upon which Kern sought outpatient treatment in New York City should not be counted as days spent in New York City, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.