■ In the Matter of John C. Warnecke, Petitioner, v Tax Appeals Tribunal of the State of New York et al., Respondents. [676 NYS2d 286] —Graffeo, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22 and the New York City Administrative Code.

The issue confronting this Court is whether substantial evidence exists to support respondent Tax Appeals Tribunal's determination that petitioner, a renowned architect of international stature, was domiciled in New York in 1988. Petitioner began his architectural practice in California in the 1940s and as his practice expanded, he established offices in Los Angeles, San Francisco, Hawaii, Washington, D.C., and New York City.

He also built a compound of houses and an office on a ranch in Healdsburg, California, in the 1960s. In 1970, petitioner leased a two-bedroom apartment located at 525 Park Avenue in New York City, a short distance from his New York office. Petitioner contends that beginning in 1986 the owner of the building refused to provide general maintenance for his apartment in an attempt to force him to vacate his rent-stabilized apartment. In October 1986, an eviction proceeding was initiated against petitioner based on the allegation that the apartment was not petitioner's primary residence. Petitioner defended the lawsuit but nevertheless subleased the apartment by oral agreement to an acquaintance from December 1987 through June 1989. Although petitioner's New York City office had become his largest, he was forced to close it by 1987 due to financial difficulties.

During 1988, petitioner spent 56 days in New York City and the remainder of his time in California, Washington, D.C., and Florida. The sale of petitioner's Washington, D.C., office was concluded in November 1988, and as part of the transaction he was provided with an apartment in Washington, D.C., for three years. After the sale of the remainder of his architectural firm, petitioner purchased his New York City apartment and he returned to New York City in mid-to-late 1989.

Petitioner filed New York State and New York City resident income tax returns for 1986, 1987, 1989 and 1990 and nonresident returns for 1988. Petitioner's resident tax returns for 1986 and 1987 listed New York City as his permanent address. On his 1988 California resident income tax return petitioner claimed San Francisco as his place of residence, but his W-2 tax form for that year listed 525 Park Avenue in New York City as his residence. Petitioner held both California and New York driver's licenses in 1988 and he belonged to social clubs in California, New York, Hawaii and Washington, D.C. Additionally, he maintained at least one New York bank account.

In February 1993, the New York Department of Taxation and Finance filed a notice of deficiency against petitioner in the amount of $40,198.56 plus interest and penalties for the 1988 tax year. As a result of a conciliation conference, the penalties were canceled but the amount of the deficiency was maintained. After a hearing in which petitioner sought a redetermination, the Administrative Law Judge denied the petition and sustained the deficiency, finding that petitioner had not met his burden of proving by clear and convincing evidence that he was not a domiciliary of New York in 1988. Respondent Tax Appeals Tribunal denied petitioner's exception and upheld the deficiency.

It is well settled that an individual's domicile is established by physical presence and an intent to establish a permanent home (*see, Matter of Gray v Tax Appeals Tribunal*, 235 AD2d 641; *Matter of Clute v Chu*, 106 AD2d 841). Here, petitioner filed New York resident income tax returns for 1986 and 1987, listing his New York City apartment as his permanent address. Additionally, petitioner testified that he considered his New York City office as his "psychological base" and that it was his domicile through 1987. Since petitioner's domicile prior to 1988 was New York, he had the burden of demonstrating, by clear and convincing evidence, the establishment of a new domicile and an intent to make it his permanent home (*see, Matter of Gray v Tax Appeals Tribunal, supra*, at 643; *Matter of Buzzard v Tax Appeals Tribunal*, 205 AD2d 852; *Matter of Kornblum v Tax Appeals Tribunal*, 194 AD2d 882). The fact that petitioner subleased his New York City apartment and only spent 56 days in New York during 1988 is insufficient to establish a change in domicile, especially in light of the fact that the record manifests an intent to return to New York City. In this regard, he did not relinquish his rights to his New York apartment, he retained his name on utility accounts pertaining to the apartment, and most of his furniture, together with family artwork and other personal possessions, remained in the apartment. Thereafter, he moved back to New York City, filed New York resident income tax returns for 1989 and 1990 and eventually purchased the apartment. Significantly, in a 1991 letter to his attorney, petitioner indicated that he did not own the apartment he used in San Francisco and stated that "my home for over 20 years has been my apartment 9B at 525 Park Avenue".

Although evidence in support of petitioner's contention that he was domiciled in California during 1988 was proffered during the hearing, "we are not at liberty to substitute our judgment for an agency's reasonable determination supported by substantial proof in the record merely because one could reasonably reach a different conclusion on the basis of the evidence presented" (*Matter of Clute v Chu*, 106 AD2d 841, 843, *supra*). We find no basis to disturb the Tribunal's determination since it is clearly supported by substantial evidence.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.