■ In the Matter of EDWARD L. SMITH, as Executor of ETHEL M. SMITH, Deceased, et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied petitioners' application for a redetermination of a deficiency or for refund of personal income taxes imposed under article 22 of the Tax Law for the year 1970. Prior to July, 1970, petitioner Edward J. Smith and his wife, now deceased, resided in Granville, New York, and maintained a summer residence on Lake St. Catherine, Wells, Vermont, some nine miles away. In contemplation of moving to Florida, the Smiths, among other things, purchased a residential lot in Florida in December, 1969. They put their Granville residence on the market during January, 1970, but were unable to sell it until July, 1971. Respondent determined that the Smiths had changed their domicile from New York to Florida in July, 1970. On September 14, 1970, petitioner sold his substantial interest in Sandon International, Inc., a Granville based corporation, and both he and his wife received considerable income therefrom which is the basis of this proceeding. The Smiths filed separate resident and nonresident tax returns for 1970. They each requested a refund which was denied on the ground that there had not been a change of domicile during 1970. After a hearing respondent denied the petition and assessed the taxes in question based on section 605 (subd [a], par [2]) of the Tax Law, finding that petitioner and his wife maintained a "permanent place of abode" in New York and spent more than 183 days of the taxable year in this State. Thereafter, this article 78 proceeding seeking review of the determination was commenced. Petitioner maintains that neither he nor his wife received adequate notice of the issues to be addressed at the hearing. More specifically, he contends that pursuant to the notice the only issue to be considered was the alleged change of domicile and not whether they were "residents". He also maintains that there is no substantial evidence to support respondent's determination that the Granville home

constituted a "permanent place of abode" for 1970. Finally, he contends that respondent improperly calculated the 183 days required to establish residency pursuant to section 605 of the Tax Law. While petitioner's request for a refund was initially denied on the ground that a change of domicile was not established and at the inception of the hearing petitioner objected to a consideration of whether they were subject to tax "as residents", we are of the view that they suffered no prejudice and the determination should not be disturbed for lack of appropriate notice. The record reveals that the petitions alluded to both residency and domicile and testimony was taken on both issues. Furthermore, a fair reading of section 605 (subd [a], par [1]) reveals that if the taxpayer could not establish domicile in Florida they would at least in part have to establish that they did not maintain a "permanent place of abode" in New York and did not spend more than 30 days of the taxable year here. On the other hand, if domicile was not in issue, then they would have had to show that no permanent place of abode was maintained in this State and no more than 183 days of the taxable year were spent here (Tax Law, § 605, subd [a], par [2]). The proof under either section is practically the same, leaving any possibility of prejudice to the taxpayer remote. As to the issue of substantial evidence, the record reveals that the Granville residence was not sold until 1971; that the furniture remained; that the house was maintained; and that the telephone and utility services were continued. Considering this proof, the determination, in our opinion, is supported by substantial evidence and it is not irrational or unreasonable. Consequently, it should not be disturbed (Matter of Lumpkin v Department of Social Servs. of State of N. Y., 45 NY2d 351). We also reject petitioner's final contention that the 183 days required to establish residence here was improperly computed. Although there are some gaps in the record on this issue, it is the petitioner who bears the burden of proving the assessment improper (Tax Law, § 689, subd [e]). It is also petitioner's obligation to keep and have available for examination by the Tax Commission adequate records to substantiate the fact that he did not spend more than 183 days of such taxable year within the State (20 NYCRR 102.2 [c]). In light of these principles, we are of the opinion that there are facts or reasonable inferences from the facts to support respondent's determination on this issue and, therefore, the assessment should be confirmed (Matter of Levin v Gallman, 42 NY2d 32, 34). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.