■ In the Matter of JOHN M. EVANS, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [606 NYS2d 404] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of personal income tax under Administrative Code of the City of New York title T, chapter 46.

Petitioner was employed by Mobil Corporation at its headquarters in midtown Manhattan from 1977 through 1985 and 1986, the tax years at issue in this proceeding. In 1976 petitioner purchased a house in the Town of Pawling, Dutchess County, located about 70 miles outside of New York City. In 1978, to alleviate commuting into Manhattan on a daily basis, petitioner made arrangements to live with a friend, Father Vincent Ioppolo, at the rectory of the Episcopal

Church of the Good Shepherd in New York City. Petitioner occupied a room at the rectory and normally slept there every Sunday or Monday through Thursday night, returning to his home in Pawling on weekends. The rectory was furnished to Ioppolo as part of his compensation and the Parish paid all expenses to maintain it as a residence, including repairs and utilities. Petitioner and Ioppolo shared all of the common living expenses that were not provided to Ioppolo by the Parish, including the purchase of food and household cleaning supplies and the wages of a weekly housekeeper. During this arrangement, which continued through the tax years at issue and was still operative at the time of the hearing below in March 1990, petitioner maintained his mailing address and domicile at his Pawling property.

Following an audit of petitioner's returns for 1985 and 1986, the Department of Taxation and Finance concluded that petitioner was a New York City resident in accordance with Tax Law § 1305 (a) (2). Petitioner challenged this determination, conceding that he spent more than 183 days in New York City for the 1985 and 1986 tax years, but asserting that his use of the rectory did not constitute "maintaining a permanent place of abode" because he did not pay rent or operating expenses of the rectory or hold himself out as living there. Following a hearing, an Administrative Law Judge found that petitioner's use of the rectory was insufficient to transform it into a permanent place of abode maintained by petitioner. The Tax Appeals Tribunal reversed. Petitioner thereafter commenced this proceeding for review of the Tribunal's determination.

The courts of this State have uniformly held that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (Matter of Howard v Wyman, 28 NY2d 434, 438). However, when the statute at issue is outside the agency's area of expertise or "where the language used in a * * * statute is neither special nor technical, but consists of common words of clear import", there is no need to defer to the agency's determination (Matter of SIN, Inc. v Department of Fin., 71 NY2d 616, 620). Accepting petitioner's contention that the plain language of this statute is unambiguous and nontechnical and that we need not defer to the agency's determination, we nonetheless agree with the Tribunal's determination that the facts of this case demonstrate petitioner's maintenance of a permanent place of abode in New York City pursuant to Tax Law § 1305 (a) (2). Because petitioner has

not satisfied his burden of proving that the income tax deficiency assessment was improper (Tax Law § 689 [e]; *Matter of Levin v Gallman,* 42 NY2d 32, 34), the decision below should be confirmed and the petition dismissed.

We reject petitioner's claim that his use of the rectory was not "permanent" because he did not own, lease or rent the premises. We agree with the Tribunal that "the permanence of a dwelling place * * * can depend on a variety of factors and cannot be limited to circumstances which establish a property right in the dwelling place" *(see,* 20 NYCRR former 102.2 [e] [1] [repealed eff Jan. 29, 1992 and now promulgated as 105.20 (e) (1)]). Other than payment of a proportionate share of the monthly rental, which was unnecessary in view of the fact that the premises were provided to Ioppolo free of charge, petitioner's occupation of the premises had all indicia of a shared rental. As previously indicated, petitioner and Ioppolo divided all actual living expenses, including the wages of a housekeeper. Petitioner also supplied many items of furniture for his own bedroom and common rooms in the rectory, and he possessed a key providing free and continuous access to the four-story brownstone and received visits from his son there. Further, petitioner's use of the rectory was not caused by a temporary condition or assignment. Rather, he maintained clothing and other personal articles for ongoing use at the rectory throughout a seven-year period prior to the tax years in question and used the premises to maintain convenient daily access to a full-time job in midtown Manhattan. In these circumstances, the Tribunal correctly concluded that petitioner "maintain[ed] a permanent place of abode" in New York City during the 1985 and 1986 tax years.

Weiss, P. J., White, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.