■ In the Matter of HARVEY WACHSMAN et al., Petitioners, v NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [660 NYS2d 462] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a deficiency of personal income tax imposed under Tax Law article 22.

Prior to 1986, and at all times relevant to this proceeding, petitioners were domiciled in Connecticut and maintained an apartment in New York City. Although petitioners' nonresident New York State income tax return for tax year 1983 reflected a Connecticut address, the W-2 forms attached thereto bore a New York City address. Noting this apparent inconsistency, the Audit Division of the Department of Taxation and Finance requested a clarification of petitioners' resident status. Ultimately, notices of deficiency were issued and, after petitioner Harvey Wachsman (hereinafter Wachsman) conceded that he owed a certain additional sum, the matter proceeded to an administrative hearing as to the disputed portion of the deficiency in March 1991.

By decision dated April 16, 1992, an Administrative Law Judge (hereinafter ALJ) determined, *inter alia*, that petitioners had failed to sustain their burden of demonstrating that they did not spend more than 183 days in New York State during 1983 and, hence, deemed petitioners to be statutory residents subject to taxation. In so concluding, the ALJ made specific mention of petitioners' failure to produce Wachsman's daily diary for that year.

Petitioners thereafter filed a notice of exception and, while that notice was pending, moved for an order vacating the ALJ's determination and seeking a new hearing based upon newly discovered evidence, to wit, Wachsman's 1983 daily diary. The ALJ granted petitioners' motion, set aside the determination and granted a new hearing, at which the diary and certain summary sheets prepared by petitioners were entered into evidence.

At the conclusion of the second administrative hearing in March 1994, the ALJ determined that petitioners indeed had demonstrated that they did not spend more than 183 days in this State in 1983 and allocated petitioners' income based upon days worked within and without the State.* Respondent Tax Appeals Tribunal subsequently reversed the ALJ's determina-

---

* Petitioners, both of whom are attorneys, continued to maintain a law office in Connecticut following their relocation to this State in 1986.

tion concluding, *inter alia*, that the ALJ erred in granting petitioners' motion to reopen the hearing. Alternatively, the Tribunal found that even with the inclusion in the record of the 1983 diary, which the Tribunal viewed as an unreliable account of petitioners' activities, petitioners nevertheless failed to establish that they spent fewer than 184 days in this State in 1983. This CPLR article 78 proceeding, seeking to annul the Tribunal's determination sustaining the deficiency imposed, ensued.

Initially, we reject petitioners' contention that the Tribunal erred in reversing the ALJ's decision to reopen the hearing. Although the decision whether to grant a motion to reopen indeed is a matter of discretion, the Tribunal has adopted a policy of reserving this procedure for special circumstances, such as the existence of newly discovered evidence that could not have been obtained with due diligence in time for the hearing (*see, Matter of Gartner Group*, 1994 WL 703283, 11 [Tax Appeals Tribunal, Dec. 8, 1994]; *Matter of Byram*, 1994 WL 451305, 4 [Tax Appeals Tribunal, Aug. 11, 1994]). Here, in support of the motion to reopen, Wachsman merely averred, in a conclusory fashion, that "[a]t the time of the hearing in this case, I was unable to locate the 1983 diary despite diligent effort, due to the fact that the diary was placed in storage along with files, books, records, and other documents". The Tribunal previously has held, under similar circumstances, that such a statement does not provide a sufficient basis for granting a motion to reopen (*see, Matter of Byram, supra*).

Moreover, even accepting petitioners' assertion that the motion to reopen was properly granted and taking into consideration Wachsman's 1983 daily diary, we cannot say that the Tribunal reached an erroneous conclusion with respect to petitioners' status as statutory residents. As a starting point, and as the Tribunal correctly observed, each review of the diary has yielded a different total number of days that petitioners were found to be in this State in 1983. Accordingly, we see no basis for disturbing the Tribunal's finding that the diary was not a reliable source for documenting petitioners' activities during the time in question. Additionally, although Wachsman testified that under petitioners' recordkeeping system any "blank" day in the diary represented a day spent in Connecticut, petitioners offered no documentary evidence to support their contentions in this regard. Indeed, petitioners testified that their office practices in Connecticut were very informal and that no such records existed.

Under these circumstances, we are unable to conclude that

the Tribunal erred in finding that petitioners had failed to sustain their burden of establishing that they spent fewer than 184 days in this State in 1983. In light of this conclusion, we need not address petitioners' remaining contentions.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.