In the Matter of ROBERT E. MCKEE et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [768 NYS2d 677]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of personal income tax imposed under Tax Law article 22.

The Department of Taxation and Finance (hereinafter Department) issued petitioners a notice and demand for payment of tax covering their 1995 personal income tax, interest and penalties. Petitioners claimed they sent a check with their tax return. The Department advised petitioners to submit documentation demonstrating that payment was made. Petitioners submitted a photocopy of the front of one check, but the back of another check. Petitioners eventually informed the Department that the original check could not be located by either petitioners or their bank, and supplied a copy of the front of the check previously submitted with the back of a different check. The Department and its bank could not determine if the front and back were from the same check because certain numbers were illegible. The Department then requested a legible copy of the check and a copy of petitioners' bank statement showing that their account was debited for that check, neither of which was ever produced. After a hearing before the Division of Tax Appeals, an Administrative Law Judge sustained the Department's notice and demand. Respondent Tax Appeals Tribunal affirmed that determination.

We confirm the Tribunal's determination because it is supported by substantial evidence (see Matter of Menik v Roth, 280 AD2d 702, 703 [2001]; Matter of Hopper v Commissioner of Taxation & Fin., 224 AD2d 733, 737 [1996], lv denied 88 NY2d 808 [1996]). The Department's deficiency notice is presumed correct, with the burden on petitioners to prove the notice erroneous by clear and convincing evidence (see Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y., 299 AD2d 751, 752 [2002]; Matter of Carpenter Tech. Corp. v Commissioner of Taxation & Fin., 295 AD2d 830, 832 [2002]). Petitioners failed to meet this burden. The Department's files and computer records showed no payment had been made, petitioners were unable to produce the original check allegedly used to make the payment, copies of the front and back of the alleged payment check were not identified as belonging to the same check, petitioners did not submit a bank statement listing the payment amount debited from their account, and petitioners' bank stated that the check that petitioners claim was used to

make payment "was never received by the bank for encashment." Thus, the presumption of correctness applies and the Tribunal's determination will not be disturbed.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.