■ In the Matter of ABDELAZIZ EL-TERSLI, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [787 NYS2d 526]—

Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a notice of deficiency.

Petitioner operates several hot dog carts in New York City and, at least until some point in 1989, resided with his spouse in an apartment at 145 West 85th Street in Manhattan. In June 1989, petitioner purchased a house in New Jersey and furnished

it with new furniture and appliances. Petitioner filed New York resident income tax returns for 1990 and 1992 and filed nonresident income tax returns for 1991, 1993, 1994 and 1995.

Following petitioner's plea of guilty to two counts of substantial underreporting of income tax and three counts of offering a false instrument for filing, for which petitioner was sentenced to one year in jail, the Division of Taxation conducted an audit of petitioner's income tax returns for 1990 to 1995. As a result of this audit, the Division issued a notice of deficiency for personal New York State and New York City income tax in the amount of $227,490, together with interest and penalties thereon. The matter proceeded to a conciliation conference, at the conclusion of which the notice of deficiency was sustained, prompting petitioner to request an administrative hearing. The Division's auditor was the only witness to testify at the hearing, as petitioner neither testified nor called any witnesses on his behalf, apparently electing instead to proceed via affidavits and other documentary evidence. Although the Administrative Law Judge granted petitioner's request for certain additional deductions, the underlying notice of deficiency was otherwise sustained. Respondent Tax Appeals Tribunal thereafter affirmed that decision finding, insofar as is relevant to this proceeding, that petitioner failed to demonstrate by clear and convincing evidence that he was not a New York domiciliary or, alternatively, a statutory resident for the purpose of assessing state and city income taxes. Petitioner thereafter commenced this proceeding seeking to annul the Tribunal's determination.

We confirm. Tax Law § 605 (b) (1) (A) defines a "resident" as, among other things, "an individual . . . who is domiciled in this state." Domicile, in turn, is established by physical presence coupled with an intent to establish a permanent home (see *Matter of Warnecke v Tax Appeals Trib. of State of N.Y.*, 252 AD2d 748, 750 [1998]; *Matter of Gray v Tax Appeals Trib. of State of N.Y.*, 235 AD2d 641, 643 [1997]; 20 NYCRR 105.20 [d] [1]). Once established, "an individual's original or selected domicile continues until there is a clear manifestation of an intent to acquire a new one" (*Matter of Kornblum v Tax Appeals Trib. of State of N.Y.*, 194 AD2d 882, 882 [1993]; 20 NYCRR 105.20 [d] [2]), and the taxpayer bears the burden of proving a change of domicile by clear and convincing evidence (see *Matter of Warnecke v Tax Appeals Trib. of State of N.Y., supra* at 750; *Matter of Gray v Tax Appeals Trib. of State of N.Y., supra* at 643; *Matter of Kornblum v Tax Appeals Trib. of State of N.Y., supra*).

Although the record indeed reflects that petitioner purchased

and furnished a house in New Jersey in 1989, the record is silent as to the nature of this residence, i.e., primary residence, secondary residence, vacation home, rental property, etc. In this regard, petitioner averred that he and his spouse resided in New Jersey, while his father and brother lived in the Manhattan apartment. Petitioner did not, however, present any evidence that he had terminated the lease for this apartment or that someone other than petitioner was paying the rent and/or utilities thereon. Simply stated, the conclusory affidavits offered by petitioner and his father fall far short of demonstrating, by clear and convincing evidence, petitioner's intent to establish a new domicile in New Jersey.

We reach a similar conclusion with regard to the alternate basis upon which the Division sought to tax petitioner—namely, his status as a statutory resident of New York. A resident individual includes one "who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than [183] days of the taxable year in this state" (Tax Law § 605 [b] [1] [B]). "Permanent place of abode" is defined as a "dwelling place permanently maintained by the taxpayer, whether or not owned by such taxpayer, and will generally include a dwelling place owned or leased by such taxpayer's spouse" (20 NYCRR 105.20 [e] [1]), and "permanently maintained" refers to "doing whatever is necessary to continue one's living arrangements in a particular dwelling place," including making contributions to the household—monetarily or otherwise (*Matter of Evans*, 1992 WL 144123, *6 [Tax Appeals Trib., TSB-D-92 (16) (I), June 18, 1992], *confirmed sub nom. Matter of Evans v Tax Appeals Trib. of State of N.Y.*, 199 AD2d 840 [1993]). The burden of proof lies with the taxpayer, upon whom it is incumbent to establish that he or she neither maintained a permanent place of abode in this state nor spent more than 183 days in the state during the tax year in dispute (*see Matter of Schibuk v New York State Tax Appeals Trib.*, 289 AD2d 718, 719 [2001], *lv dismissed* 98 NY2d 720 [2002]). Again, absent evidence that petitioner terminated his lease on the Manhattan apartment and/or that he was not otherwise contributing to that household, petitioner cannot meet his burden of proof in this regard. Moreover, petitioner, who admittedly operated a business in New York City, failed to demonstrate that he did not spend more than 183 days in the state during the periods at issue. Petitioner's remaining contentions, including his assertion that he is entitled to certain further deductions, have been examined and found to be lacking in merit. Accordingly, the Tribunal's determination is in all respects confirmed.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.