■ In the Matter of THOMAS REEVES, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.
[825 NYS2d 153]—

Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, inter alia, sustained an assessment of personal income tax imposed under Tax Law article 22.

In 1994, petitioner and George Perk were the sole officers and shareholders of American Futures Group Holding Company, Inc. (hereinafter AFGH). Petitioner owned 48% of AFGH and served as its treasurer and secretary. AFGH, in turn, owned 100% of American Futures Group, Inc. (hereinafter AFG), and petitioner served as its president.

During an audit of withholding taxes due from AFG, the Division of Taxation reviewed both AFG's and AFGH's federal corporation income tax returns for 1994. A copy of AFGH's 1994 federal return listed compensation of officers in the total amount of $544,950, $261,576 of which was attributed to petitioner and $283,374 of which was attributed to Perk, and AFGH took these payments as a deduction. Petitioner, however, did not report the $261,576 as income from AFGH on his 1994 individual federal tax return. Rather, petitioner reported $77,673 in income, consisting of $33,000 in wages from AFG, $4,368 in dividends and $40,305 in business income. This amount then was reduced by one half of the self-employment tax ($2,251), leaving petitioner with adjusted gross income of $75,422. According to the auditor, petitioner's 1994 individual New York State and City of New York resident income tax returns reflect these same figures.

In light of the discrepancy between petitioner's and AFGH's respective tax returns, the Division issued a notice of deficiency

in the amount of $33,678.89 for state and city income tax, together with interest and penalties for negligence pursuant to Tax Law § 685 (b) and substantial understatement of liability pursuant to Tax Law § 685 (p), totaling $67,878.54. Following an unsuccessful conciliation conference, the notice of deficiency was sustained, prompting petitioner to file an administrative petition challenging the assessment. A hearing then ensued, at which the auditor, petitioner and Perk appeared and testified. The Administrative Law Judge (hereinafter ALJ) sustained the notice of deficiency, and petitioner filed an exception with respondent Tax Appeals Tribunal. Petitioner then moved before the Tribunal to reopen the record to add AFGH's corporate ledger for 1994. The Tribunal denied the motion to reopen and affirmed the ALJ's decision. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to challenge the Tribunal's determination.

As the party seeking to challenge the notice of deficiency, petitioner bore the burden of establishing, by clear and convincing evidence, that the methods used to arrive at the assessment were erroneous (*see* Tax Law § 689 [e]; *Matter of McKee v Commissioner of Taxation & Fin.*, 2 AD3d 1077, 1078 [2003], *lv denied* 2 NY3d 701 [2004]; *Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y.*, 299 AD2d 751, 752 [2002]; *Matter of Leogrande v Tax Appeals Trib.*, 187 AD2d 768, 769 [1992], *lv denied* 81 NY2d 704 [1993]). This he failed to do. Petitioner and Perk each testified that they periodically would advance funds to AFGH to boost its capital. Accordingly, they contended, the amounts listed on AFGH's corporate tax return as compensation paid to petitioner actually represented the repayment of various short-term loans made by petitioner to the corporation. Although petitioner submitted certain statements from his Merrill Lynch account purporting to document these alleged loans, petitioner ultimately could account for only a fraction of the amount reported as compensation on AFGH's corporate return. Additionally, although petitioner and Perk each testified that there should be various corporate documents memorializing these transactions, such as board minutes and the corporate ledger, none of those documents was produced at the administrative hearing. Finally, petitioner acknowledged that there were not any loan agreements or notes evidencing these transactions. Under such circumstances, we cannot say that petitioner met his burden of establishing that the underlying assessment was erroneous. As the documentary evidence contained in the record provides a rational basis for the Tribunal's determination, it must be confirmed.

Turning to the denial of petitioner's motion to reopen the rec-

ord, the relevant regulation provides that a motion to reopen properly is addressed "to the administrative law judge who rendered the determination within 30 days after the determination has been served" (20 NYCRR 3000.16 [b]). However, the ALJ cannot grant such a motion after the filing of an exception with the Tribunal (*see id.*). Here, petitioner addressed his motion to reopen to the Tribunal, not the ALJ, after he had filed an exception with the Tribunal and more than 30 days after he was served with the ALJ's determination. Accordingly, the Tribunal lacked the authority to grant petitioner's application. Moreover, even assuming that the motion had been made in an appropriate and timely fashion, the corporate ledger hardly qualified as "newly discovered evidence" within the meaning of 20 NYCRR 3000.16 (a) (1) and, in any event, petitioner failed to offer any excuse for failing to produce it in the first instance (*see Matter of Wachsman v New York State Commr. of Taxation & Fin.*, 241 AD2d 708, 709 [1997]). Petitioner's remaining contentions, including his challenge to AFGH's 1994 federal tax return, have been examined and found to be lacking in merit.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.