■ In the Matter of JOHN GAIED, Petitioner, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents. [957 NYS2d 480]—

Lahtinen, J.

Tax Law § 605 (b) (1) (B) defines a resident individual as one "who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than [183] days of the taxable year in this state." Petitioner, who had a home in New Jersey during the relevant years, did not dispute that for those years he was present in New York at his business for more than 183 days. Accordingly, the issue distills to whether petitioner maintained a permanent place of abode in New York pursuant to the statute (*see* Tax Law § 605 [b] [1] [B]; *see also* 20 NYCRR 105.20 [e] [1]). In making that determination, a variety of factors and circumstances may be relevant including, but not limited to, the extent to which the person challenging the assessment paid living expenses, supplied furniture in the dwelling, had a key, had free and continuous access to the dwelling, received visitors there, kept clothing and other personal belongings there, used the premises for convenient access to and from a place of employment, and maintained telephone and utility services there in his or her name, as well as whether the premises were suitable for year-round use (*see e.g. Matter of Schibuk v New York State Tax Appeals Trib.*, 289 AD2d 718, 719-720 [2001], *lv dismissed* 98 NY2d 720 [2002]; *Matter of Evans v Tax Appeals Trib. of State of N.Y.*, 199 AD2d 840, 842 [1993]; *Matter of Smith v State Tax Commn.*, 68 AD2d 993, 994 [1979]). Petitioner had the burden of proving

that the deficiency assessment was improper, and credibility determinations are within the province of the taxing authority (*see Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y.*, 299 AD2d 751, 752 [2002]). So long as the Tribunal's determination is supported by substantial evidence, we cannot substitute our judgment for that of the Tribunal (*see e.g. Matter of Kornblum v Tax Appeals Trib. of State of N.Y.*, 194 AD2d 882, 883 [1993]; *Matter of Smith v State Tax Commn.*, 68 AD2d at 994).

Petitioner testified that he purchased the Staten Island property, which was much closer to where he worked than his New Jersey home, as a place for his parents to live and as an investment. He stated that his parents lived in the first-floor apartment and that they were dependent upon him for support. He acknowledged that, during the relevant years, he was a registered voter in New York. Significantly, the Tribunal determined that petitioner, in addition to owning the building, maintained a telephone and the utilities in his own name at the apartment, paid those bills as well as all other expenses for the apartment, retained unfettered access to the apartment, occasionally slept at the apartment, failed to establish that he kept the apartment exclusively for his parents, and did not prove that he held the property solely for investment purposes. These factual findings by the Tribunal, some of which were strongly disputed by petitioner, are nonetheless supported by substantial evidence in the record, and such facts are sufficient to support the Tribunal's determination that petitioner maintained a permanent place of abode in New York as that term has been construed and applied under the applicable statute (*see* Tax Law § 605 [b] [1] [B]; *see e.g. Matter of El-Tersli v Commissioner of Taxation & Fin.*, 14 AD3d 808, 810 [2005]; *Matter of Schibuk v New York State Tax Appeals Trib.*, 289 AD2d at 719-720; *Matter of Evans v Tax Appeals Trib. of State of N.Y.*, 199 AD2d at 842; *Matter of Smith v State Tax Commn.*, 68 AD2d at 994). Even though a contrary conclusion would have been reasonable based upon the evidence presented, we are constrained to confirm, since our review is limited and the Tribunal's determination is amply supported by the record (*see e.g. Matter of Kornblum v Tax Appeals Trib. of State of N.Y.*, 194 AD2d at 883).

The remaining arguments have been considered and found unavailing.

Peters, P.J., and Rose, J., concur.

Malone Jr., J. (dissenting). As stated by the majority, the issue distills to whether petitioner "maintained a permanent place of

abode" pursuant to Tax Law § 605 in order to render him a statutory resident. Significantly, the purpose behind the statutory residence provision is to tax those who "really and [for] all intents and purposes [are] residents of the state" (*Matter of Tamagni v Tax Appeals Trib. of State of N.Y.*, 91 NY2d 530, 535 [1998], *cert denied* 525 US 931 [1998] [internal quotation marks and citation omitted]). To that end, "[a] permanent place of abode means a dwelling place of a permanent nature maintained by the taxpayer, whether or not owned by such taxpayer" (20 NYCRR 105.20 [e] [1]). "Permanently maintained" is defined as "doing whatever is necessary *to continue one's living arrangements* in a particular dwelling place" (*Matter of El-Tersli v Commissioner of Taxation & Fin.*, 14 AD3d 808, 810 [2005] [internal quotation marks and citation omitted; emphasis added]). Maintaining a dwelling does not necessarily equate to living or residing in such dwelling.

Here, the record clearly establishes that petitioner purchased the property located in the Borough of Staten Island as both a place for his parents to live and as an investment. Petitioner's parents, who live in the first-floor apartment, are 100% dependent upon him for support, and petitioner pays all of the expenses for their apartment. While petitioner occasionally stayed overnight in the apartment, he did so only at the request of his parents when his father needed help due to a medical condition. There was no bed for petitioner when he stayed there, requiring him to sleep on the couch, nor did he leave personal items there. E-Z Pass records support the infrequency of petitioner's overnight stays in New York. As for the other apartments in the building, documentary evidence establishes that, except for a short period of time, those apartments were rented, and petitioner claimed the rental income on his filed tax returns.

The circumstances herein differ from those cases cited by the majority in that petitioner did not change his residence from New York to elsewhere; rather, petitioner has lived in New Jersey since 1994.* In addition, although the Staten Island residence was close to his work place, so was his New Jersey home, which petitioner testified was approximately a half hour commute—hardly taxing by any standard. Furthermore, as noted in the initial decision of respondent Tax Appeals Tribunal, this conclusion is supported by the fact that, after selling his New Jersey home in 2003, petitioner lived with his uncle in New Jersey while he built an additional basement apartment for himself at the Staten Island dwelling before he commenced living there after the years relevant in this case. The mere fact

---

* Petitioner filed New Jersey income tax returns for the relevant years.

that petitioner kept the keys to the other apartment units in the dwelling and listed that address as the address where tenant notices should be sent does not require a different result.

Considering the purpose of the statutory residence provision and mindful that we need not defer to the agency's determination because the statutory language is neither special nor technical (*see Matter of Evans v Tax Appeals Trib. of State of N.Y.*, 199 AD2d 840, 841 [1993]), we find that petitioner demonstrated by clear and convincing evidence that, during the relevant years, he did not live in the dwelling nor did he have any personal residential interest in that Staten Island property (*compare id.*; *Matter of El-Tersli v Commissioner of Taxation & Fin.*, 14 AD3d at 810; *Matter of Schibuk v New York State Tax Appeals Trib.*, 289 AD2d 718, 719-720 [2001], *lv dismissed* 98 NY2d 720 [2002]; *People ex rel. Mackall v Bates*, 278 App Div 724, 725 [1951]). Considering all of the relevant facts, we find that the Tribunal's determination that petitioner maintained a permanent place of abode within the meaning of Tax Law § 605 to be irrational and unreasonable, and the income tax deficiency assessment was improper. We would therefore annul the determination and grant the petition.

Garry, J., concurs. Adjudged that the determination is confirmed, without costs, and petition dismissed.