Malone Jr., J. (dissenting).
As stated by the majority, the issue distills to whether petitioner “maintained a permanent place of *1495 abode” pursuant to Tax Law § 605 in order to render him a statutory resident. Significantly, the purpose behind the statutory residence provision is to tax those who “really and [for] all intents and purposes [are] residents of the state” (Matter of Tamagni v Tax Appeals Trib. of State of N.Y., 91 NY2d 530, 535 [1998], cert denied 525 US 931 [1998] [internal quotation marks and citation omitted]). To that end, “[a] permanent place of abode means a dwelling place of a permanent nature maintained by the taxpayer, whether or not owned by such taxpayer” (20 NYCRR 105.20 [e] [1]). “Permanently maintained” is defined as “doing whatever is necessary to continue one’s living arrangements in a particular dwelling place” (Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d 808, 810 [2005] [internal quotation marks and citation omitted; emphasis added]). Maintaining a dwelling does not necessarily equate to living or residing in such dwelling.
Here, the record clearly establishes that petitioner purchased the property located in the Borough of Staten Island as both a place for his parents to live and as an investment. Petitioner’s parents, who live in the first-floor apartment, are 100% dependent upon him for support, and petitioner pays all of the expenses for their apartment. While petitioner occasionally stayed overnight in the apartment, he did so only at the request of his parents when his father needed help due to a medical condition. There was no bed for petitioner when he stayed there, requiring him to sleep on the couch, nor did he leave personal items there. E-Z Pass records support the infrequency of petitioner’s overnight stays in New York. As for the other apartments in the building, documentary evidence establishes that, except for a short period of time, those apartments were rented, and petitioner claimed the rental income on his filed tax returns.
The circumstances herein differ from those cases cited by the majority in that petitioner did not change his residence from New York to elsewhere; rather, petitioner has lived in New Jersey since 1994.* In addition, although the Staten Island residence was close to his work place, so was his New Jersey home, which petitioner testified was approximately a half hour commute — hardly taxing by any standard. Furthermore, as noted in the initial decision of respondent Tax Appeals Tribunal, this conclusion is supported by the fact that, after selling his New Jersey home in 2003, petitioner lived with his uncle in New Jersey while he built an additional basement apartment for himself at the Staten Island dwelling before he commenced living there after the years relevant in this case. The mere fact *1496 that petitioner kept the keys to the other apartment units in the dwelling and listed that address as the address where tenant notices should be sent does not require a different result.
Considering the purpose of the statutory residence provision and mindful that we need not defer to the agency’s determination because the statutory language is neither special nor technical (see Matter of Evans v Tax Appeals Trib. of State of N.Y., 199 AD2d 840, 841 [1993]), we find that petitioner demonstrated by clear and convincing evidence that, during the relevant years, he did not live in the dwelling nor did he have any personal residential interest in that Staten Island property (compare id.; Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d at 810; Matter of Schibuk v New York State Tax Appeals Trib., 289 AD2d 718, 719-720 [2001], lv dismissed 98 NY2d 720 [2002]; People ex rel. Mackall v Bates, 278 App Div 724, 725 [1951]). Considering all of the relevant facts, we find that the Tribunal’s determination that petitioner maintained a permanent place of abode within the meaning of Tax Law § 605 to be irrational and unreasonable, and the income tax deficiency assessment was improper. We would therefore annul the determination and grant the petition.

 Petitioner filed New Jersey income tax returns for the relevant years.