Matter of Spiezio v Commissioner of Taxation & Fin. of The State of New York (2018 NY Slip Op 07206)





Matter of Spiezio v Commissioner of Taxation & Fin. of The State of New York


2018 NY Slip Op 07206


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

524018

[*1]In the Matter of JOSEPH SPIEZIO III et al., Petitioners,
v
COMMISSIONER OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Harris Beach PLLC, Buffalo (Allison B. Fiut of counsel), for petitioners.
Barbara D. Underwood, Attorney General, Albany (Owen Demuth of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Pritzker, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining notices of deficiency of personal income tax imposed under Tax Law article 22.
Petitioners were the shareholders of four companies (hereinafter the Spiezio Companies) created to develop or redevelop dilapidated housing and commercial real estate in the City of Yonkers Empire Zone: Spiezio Family Holdings LLC, Joni Property Trust LLC, Joni Management and Realty Services LLC, and Spiezio Organization LLC (formerly known as Mercantile Lofts, LLC; hereinafter Merc). In 2000, Joni Management was certified as a qualified empire zone enterprise (hereinafter QEZE) and, in 2002, both Joni Property and Merc were certified as QEZEs. Relying on those certifications, petitioners claimed certain flow-through tax credits on their personal income taxes. However, after a 2010 audit of petitioners' personal income tax returns for 2006, 2007 and 2008, the Department of Taxation and Finance determined that petitioners were not entitled to some of those tax credits and assessed deficiencies totaling more than $260,000, plus interest. Following conciliation conferences, petitioners each petitioned for redeterminations and refunds and consented to having their cases decided without a hearing. An Administrative Law Judge (hereinafter ALJ) thereafter granted the petitions in part and denied the petitions in part. As relevant here, the ALJ concluded that Joni Property was not eligible for a QEZE credit for real property tax for 2006 and 2007 and that Merc was not eligible for a QEZE wage tax credit for 2008. Petitioners jointly filed an exception and, following oral argument, respondent Tax Appeals Tribunal denied petitioners' exception and affirmed the ALJ's determination. Petitioners commenced this proceeding, seeking to annul the Tribunal's determination, and we now confirm.
We begin with the fundamental tenet that this Court's review of the Tribunal's determination is limited to whether "it has a rational basis and is supported by substantial evidence" (Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d 963, 965 [2017]; accord Matter of Prima Asphalt Concrete, Inc. v New York State Tax Appeals Trib., 162 AD3d 1281, 1282 [2018]). Here, as the tax credits at issue are a type of exemption, petitioners bore "the burden of demonstrating unambiguous entitlement" to same (Matter of United Parcel Serv., Inc. v Tax Appeals Trib. of the State of N.Y., 98 AD3d 796, 798 [2012], lv denied 20 NY3d 860 [2013]; see Matter of Grace v New York State Tax Commn., 37 NY2d 193, 197 [1975]; Matter of Astoria Fin. Corp. v Tax Appeals Trib. of State of N.Y., 63 AD3d 1316, 1320 [2009]). Turning to the specific tax credits claimed by petitioners, to claim a tax credit "for eligible real property taxes" (Tax Law § 15 [a]), a QEZE must satisfy, among other criteria, "the employee increase factor" (Tax Law § 15 [b]), which measures how many employees a QEZE presently has compared to the number of employees it had when it was certified as a QEZE (see Tax Law § 14 [b] [1]). When calculating a QEZE's present number of employees, however, it may "not include individuals employed within the state within the immediately preceding [60] months by a related person to the QEZE" (Tax Law § 14 [g] [1]).
As to Joni Property's claim for a real property tax credit for 2006 and 2007, the Tribunal concluded that the only two employees of Joni Property at that time — Hector Paulino and Scott Fredericks — did not qualify as employees for the purposes of a tax credit because they were employed by a related entity within the preceding 60 months and, as such, Joni Property had no employees that it could use to calculate the employee increase factor and were therefore not entitled to any real property tax credit from their interests in Joni Property. Petitioners, however, contend that Paulino and Fredericks were concurrently employed by the Spiezio Companies at all relevant times and that they were paid through a common paymaster. Respondent Commissioner of Taxation and Finance concedes that if this sort of paymaster arrangement existed, then Tax Law § 14 (g) (1) would be inapplicable and petitioner would be entitled to a real property tax credit for 2006 and 2007. Therefore, this dispute distills to the narrow issue of whether petitioners met their burden of proof in demonstrating that Paulino and Fredericks were concurrently employed with a common paymaster. We find that they did not.
In support of their position, petitioners submitted the affidavit of petitioner Joseph Spiezio III, who asserts that Paulino and Fredericks were concurrently employed by the Spiezio Companies and paid by a common paymaster, explaining that they each spent approximately 80% of their work time on matters concerning Joni Property and 20% of their work time on matters concerning Merc, and that both employees were initially employed by Joni Management, but that this entity merged with Joni Property after it and Merc finished developing their respective properties. According to Spiezio, payroll for "the Spiezio Companies was simplified by utilizing a common paymaster (initially Joni Management, then Joni Property, after its final return was filed in 2005)." He also averred that, "[a]lthough Joni Management, Joni Property, and Merc are or were separate legal entities, . . . [he] viewed them as one cohesive operation[,] with employees working concurrently," and that Paulino and Fredericks worked under Spiezio's "direction and control, in [his] capacity as managing member of the Spiezio Companies." Affidavits from Paulino and Fredericks corroborated that they worked under Spiezio's direction and allocated approximately 80% of their time to Joni Property and 20% of their time to Merc.
Petitioners also relied upon payroll records that indicated Paulino and Fredericks were paid by both Joni Property and Joni Management in 2005; however, as explained by the ALJ, the fact that both companies carried these employees on their payrolls at some point during 2005 does not necessarily show concurrent employment, because it could "simply indicate that [Paulino and Fredericks] were previously employed by Joni Management and later by Joni Property upon the wind-down, merger, liquidation or dissolution of the former entity." Petitioners also rely on a 2004 federal tax statement and two 2001 employee lease agreements — one between Merc and Joni Management and a second between Joni Property and Joni [*2]Management [FN1]. Those agreements, however, were each for a 30-day term that would be automatically extended on a month-to-month basis until discontinued for one of the reasons enumerated therein. The record lacks any evidence showing how long either agreement remained in effect or that Paulino and Fredericks were working under either agreement five or six years after their execution. Taken together, petitioners purported documentary evidence of concurrent employment fails to support the statements in the conclusory affidavits of Spiezio, Paulino and Fredericks. Because those affidavits are not corroborated by contemporaneous documentation, the Tribunal could rationally conclude that petitioners failed to satisfy their burden of proof on the 2006 and 2007 QEZE credit for real property tax (compare Matter of Astoria Fin. Corp. v Tax Appeals Trib. of State of N.Y., 63 AD3d at 1320; Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d 808, 809-810 [2005]; Matter of Orner v Commissioners of City of N.Y. Tax Appeals Trib., 270 AD2d 92, 92 [2000]).
We are also unpersuaded by petitioners' assertion that the Tribunal incorrectly denied their QEZE wage tax credit in 2008. To receive this credit, the employee upon which the credit was based must have "received empire zone wages for more than half of the taxable year" (Tax Law § 210 [former (19) (d) (2)]). The Tribunal correctly concluded that petitioners could not receive this credit from Merc in 2008 because Merc's sole employee, Mildred Molina, was only employed until June of that year. Despite Spiezio's affidavit, in which he averred that Molina was employed by Merc and working under Spiezio's supervision in 2008, the only documentary evidence of Molina's employment with Merc is her 2005 employment contract, which provided that her employment "shall end on June 30, 2008, unless . . . extended pursuant to the provisions of this [a]greement or the agreement of the parties." The agreement also directed that it "may not be altered, amended, changed, modified, waived or terminated in any respect or particular unless the same shall be in writing signed by the party to be bound." Although the Department conceded during oral argument before the Tribunal that Molina resided in a Merc apartment, which was part of her employment contract, beyond June 2008, the administrative record is devoid of any evidence, aside from Spiezio's vague affidavit, showing that Molina continued to work for Merc after her 2005 contract expired or that this contract was extended. Accordingly, the Tribunal's determination that MERC was not entitled to a QEZE wage tax credit in 2008 was rational (compare Matter of Astoria Fin. Corp. v Tax Appeals Trib. of State of N.Y., 63 AD3d at 1320; Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d at 809-810; Matter of Orner v Commissioners of City of N.Y. Tax Appeals Trib., 270 AD2d at 92). We have reviewed petitioners' remaining arguments and find them to be lacking in merit.
McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The Tribunal properly declined petitioners' invitation to consider the agreement between Joni Property and Joni Management inasmuch as it was submitted by petitioners for the first time in support of their exception to the ALJ's determination and petitioners never moved to reopen the administrative record (see 20 NYCRR 3000.16; compare Matter of Reeves v Tax Appeals Trib. of State of N.Y., 34 AD3d 1024, 1025-1026 [2006]).