Matter of Ruderman v Tax Appeals Trib. of The State of New York (2019 NY Slip Op 02392)





Matter of Ruderman v Tax Appeals Trib. of The State of New York


2019 NY Slip Op 02392


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

525610

[*1]In the Matter of CARL RUDERMAN, Petitioner,
v
TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


Stuart A. Smith, New York City, for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for Commissioner of Taxation and Finance, respondent.



MEMORANDUM AND JUDGMENT
Egan Jr., J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a notice of deficiency of personal income tax imposed under Tax Law article 22.
In 2007, petitioner was a Florida domiciliary but, as an executive in the magazine publishing industry that required frequent travel between Florida and New York, he also maintained an apartment, office and significant ongoing business connections in New York. For the 2007 tax year, petitioner filed a New York nonresident and part-year resident income tax return wherein he reported a federal adjusted gross income of $2,965,928, identified his address as being in Aventura, Florida, and calculated his nonresident New York State tax liability to be $615, plus late fees and interest, and reported no New York City tax liability. In 2010, the Department of Taxation and Finance (hereinafter the Department) audited petitioner's 2007 nonresident and part-time resident income tax return ultimately determining that petitioner was a statutory resident of New York in 2007 because he maintained a permanent place of abode and spent in excess of 183 days in the state that year (see Tax Law § 605 [b] [1] [B]). The Department thereafter issued a notice of deficiency to petitioner asserting additional personal income tax due for 2007, plus interest, and a late-filing penalty, totaling $1,661,746.39. Following a conciliation conference, the Department's Bureau of Conciliation and Mediation Services sustained the notice of deficiency. Petitioner then sought a redetermination of deficiency and, following a hearing, an Administrative Law Judge sustained the notice of deficiency, determining that petitioner failed to meet his evidentiary burden of establishing that he was not a statutory resident of New York in 2007 and upheld the penalty imposed for the filing of a late tax return. Petitioner thereafter appealed to respondent Tax Appeals Tribunal, which affirmed that determination. This CPLR article 78 proceeding ensued, and we now confirm.
"A nondomiciliary may be considered a New York resident for income tax purposes if he or she maintains a permanent place of abode in this state and spends in excess of 183 days of the year here" (Matter of Zanetti v New York State Tax Appeals Trib., 128 AD3d 1131, 1131-1132 [2015], appeal dismissed 25 NY3d 1189 [2015]; see Tax Law § 605 [b] [1] [B]; 20 NYCRR 105.20 [a] [2]; Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d 592, 597 [2014]; Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d 808, 810 [2005]). It is the taxpayer's burden to establish that he or she was not a statutory resident of New York during the relevant tax year (see Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d at 810; Matter of Schibuk v New York State Tax Appeals Trib., 289 AD2d 718, 719 [2001], lv dismissed 98 NY2d 720 [2002]). Notably, so long as an agency's determination has a rational basis and is supported by substantial evidence in the record, it will not be disturbed on review (see Matter of Spiezio v Commissioner of Taxation & Fin. of the State of N.Y., 165 AD3d 1502, 1503 [2018]).
It is not disputed that petitioner was a domiciliary of Florida and maintained a permanent place of abode in New York in 2007 (see Tax Law § 605 [b] [1] [B]). The issue, therefore, distills to whether petitioner spent more than 183 days in New York during the 2007 tax year. In support of his argument, petitioner did not provide a documentary source or diary sufficient to substantiate the fact that he did not spend more than 183 days in New York in 2007 (see 20 NYCRR 105.20 [c]). Instead, petitioner offered his own testimony and submitted the affidavits of eight others. Although petitioner testified that many of the days attributed to him being in New York were based on evidence of purchases that were made with credit cards that he had provided to other family members and individuals who were authorized to use them, his testimony lacked specificity as to particular dates and/or purchases that were inaccurately attributed to him. Petitioner's testimony with regard to the frequency of his visits to see his sick mother was similarly vague and lacked the requisite specificity as to particular dates to demonstrate whether any of the days attributed to him being in New York were actually spent visiting his mother in Florida. The affidavits that petitioner submitted in support of his claim also suffered from a general lack of detail and, in some instances, contradicted petitioner's own testimony as to when he was purportedly in Florida. Moreover, contrary to petitioner's assertion, we cannot infer his presence outside New York on any given dates based upon a pattern of conduct, as petitioner acknowledged that his business trips between Florida and New York had no particular pattern of travel. Thus, despite the Tribunal's finding that petitioner's testimony was "forthright and honest[]," given the overarching generality of the offered testimony and the affidavits submitted into evidence, and the contradictions between the two, we agree with the Tribunal that petitioner failed to prove that he was not in New York for more than the requisite 183 days in 2007 (see Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d at 810; Matter of Schibuk v New York State Tax Appeals Trib., 289 AD2d at 720). Accordingly, given that the Tribunal's determination has a rational basis and is supported by substantial evidence, it is not within this Court's province to substitute our judgment simply because a different conclusion could have been drawn from the evidence submitted (cf. Matter of Campaniello v New York State Div. of Tax Appeals Trib., 161 AD3d 1320, 1324 [2018], lv denied 32 NY3d 913 [2019]).
Lastly, we are unpersuaded by petitioner's contention that the late filing penalty was improperly imposed. Petitioner's conclusory assertion that he had a good-faith belief that he had not exceeded the statutory threshold for days spent in the state to be considered a "resident individual" for income tax purposes (Tax Law § 605 [b] [1] [B]) does not, standing alone, constitute sufficient reasonable cause for abatement of his late filing fee (see Tax Law § 685 [a] [1] [A]; Matter of Rubin v Tax Appeals Trib. of State of N.Y., 29 AD3d 1089, 1091-1092 [2006]; Matter of McGaughey v Urbach, 268 AD2d 802, 803 [2000]).
Garry, P.J., Lynch, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.